**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VERONICA DYER, as she is ADMINISTRATOR, IRONWORKERS DISTRICT COUNCIL OF NEW ENGLAND HEALTH AND WELFARE FUND, IRONWORKERS DISTRICT COUNCIL OF NEW ENGLAND PENSION FUND, and IRONWORKERS DISTRICT COUNCIL OF NEW ENGLAND ANNUITY FUND; JOHN SULLIVAN, as he is ADMINISTRATOR, IRONWORKERS DISTRICT COUNCIL OF NEW ENGLAND EDUCATION FUND; IRONWORKERS DISTRICT COUNCIL OF NEW ENGLAND; and INTERNATIONAL ASSOCIATION OF IRONWORKERS LOCAL 7 AND LOCAL 37, <br> Plaintiffs, <br><br> v. <br><br> KERRS WELDING & IRON WORKS INC. <br> Defendant, <br><br> and <br><br> ACCORD STEEL AND PRECAST ERECTORS, INC. <br> Reach and Apply Defendants, <br><br> and <br><br> BANK OF AMERICA <br> Trustee Process Defendant. | C.A. No. |

**VERIFIED COMPLAINT**

**Nature of the Action**

1.     This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C.

§185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and

pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

**Jurisdiction**

2.      The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f)

of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the

LMRA, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the

parties.

**Parties**

3.      Plaintiff Veronica Dyer is the Administrator of the Ironworkers District Council

of New England Health and Welfare Fund ("Health and Welfare Fund"), the Ironworkers District

Council of New England Pension Fund ("Pension Fund"), and the Ironworkers District Council

of New England Annuity Fund ("Annuity Fund").  The Health and Welfare Fund, Pension Fund,

and Annuity Fund (hereinafter collectively referred to as "Benefit Funds") are jointly-trusteed,

multi-employer plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), and they are

administered at 161 Granite Avenue, Boston, Massachusetts, within this judicial district.

4.      Plaintiff John Sullivan is the Administrator and Program Coordinator of the

Ironworkers District Council of New England Education Fund ("Education Fund"), which funds

the Ironworker apprenticeship and training programs.  The Education Fund is jointly-trusteed,

multi-employer plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), and it is

administered at 161 Granite Avenue, Boston, Massachusetts, within this judicial district.

5.      On behalf of the Ironworkers District Council of New England ("District

Council"), under an administrative services agreement, the Benefit Funds collect employer

contributions for its Industry Fund, Labor Management Cooperation Trust Fund, Compliance

Office and Promotional Fund.

6.      On behalf of the International Association of Ironworkers Local 7 and Local 37

(hereinafter "Unions"), under an administrative services agreement, the Benefit Funds also

collect from employers a portion of their employees' wages which are employee contributions to

their Union working dues, Vacation Fund, Political Action Fund, Scholarship Fund, IMPACT

Fund, and Retirees Fund.

7.      The Plaintiffs are referred to collectively hereinafter as the "Funds."

8.      Defendant Kerrs Welding & Iron Works Inc. (hereinafter "Kerrs") is a

Massachusetts Corporation with a principal place of business at 3 Westcott Street, Dorchester,

MA 02124, and is an employer engaged in commerce within the meaning of §3(5) and (12) of

ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C.

§185.  Kerrs' registered agent for service of process in Massachusetts is Gary R. Kerr, 3

Westcott Street, Dorchester, MA 02124.

9.      Reach and Apply Defendant Accord Steel and Precast Erectors, Inc. (hereinafter

"Accord") has a principal place of business at 42 Winter Street Unit #35, Pembroke, MA 02359,

with a registered agent for service of process listed as Donna M. Stearns at 42 Winter Street Unit

#35, Pembroke, MA 02359.  On information and belief, Accord owes money to Kerrs.

10.     Trustee Process Defendant Bank of America is a banking institution which, on

information and belief, is holding assets of Defendant Kerrs.

**Facts**

11.     Kerrs agreed in writing to be bound to the terms of certain collective bargaining

agreements, including to successive agreements with the Unions, which each include an

obligation to make contributions to the Benefit Funds for each hour worked by covered

employees. True and accurate copy of Kerrs' signed acceptance is attached hereto as Exhibit A.

12.     Kerrs is bound to the collective bargaining agreement between the Unions and the

Building Trades Employers Association of Boston and Eastern Massachusetts ("BTEA"),

effective from September 16, 2017 through September 15, 2022 (hereinafter "CBA").  A copy of relevant portions of the CBA is attached hereto as Exhibit B.

13.     The CBA requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees.  It specifies the amount to be contributed by employers to the Funds for each hour worked.  The employers also agree to pay interest on delinquent benefit contributions at the rate of 1.5% per month and costs of collection, including auditor's fees and legal fees and costs.  Further, they agree to the assessment of liquidated damages on delinquent contributions of 20% of the amount due.  The CBA also requires employers to remit a portion of employees' wages, with the employees' authorization, for each hour worked.

14.     Remittance reports and payments for all hours worked by covered employees are due weekly to the Funds.  Employers are also required to submit to periodic audits of their books and records to verify the accuracy of their remittance reports.

15.     In or around June of 2017, the Funds' independent auditor, Manzi & Associates, ("Manzi") complete an audit of Kerrs' books and records and discovered that Kerrs had underreported hours worked by its employees during the audit period of January 1, 2014, through December 31, 2016.  Consequently, Kerrs underpaid the amount of principal benefit contributions and working dues owed for the audit period.

16.     On June 27, 2017, Manzi produced an audit report.  The audit report described Manzi's audit methodology and provided the exact detail of underreported contributions and working dues during the audit period.  A copy of the audit report (with the individual participants' social security numbers redacted) is attached hereto as Exhibit C.

17.     Manzi determined that Kerrs had underreported over 700 hours of work during the period audited.

18.     As a result of this underreporting, Kerrs underpaid the Funds $26,902.89 in principal benefit contributions and working dues during between January 1, 2014, and December 31, 2016.

19.     As of March 1, 2019, Kerrs owes $32,396.68 in interest on principle contributions owed for the underreported hours between January 1, 2014, and December 31, 2016 discovered by the Funds' audit.

20.     Kerrs' debt to the Funds amounts to $59,299.57.  In addition, Kerrs owes liquidated damages of $5,380.58.

### COUNT I - VIOLATION OF ERISA

21.     Plaintiffs incorporate by reference herein paragraphs 1 through 20 above.

22.     Absent an order from this Court, Kerrs will continue to refuse and fail to pay the contributions it owes to the Plaintiff Benefit Funds, along with the interest on late payments, and the Funds and their participants will be irreparably harmed.

23.     The failure of Kerrs to make payment of all contributions owed on behalf of all covered employees violates § 515 of ERISA, 29 U.S.C. § 1145.

24.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h).

### COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

25.     Plaintiffs incorporate by reference herein paragraphs 1 through 24 above.

26.     The CBA is a contract within the meaning of § 301 of the LMRA.

27.     Kerrs' failure to pay all contributions, working dues, and interest owed on behalf of it covered employees violates the terms of the CBA.

## REQUESTS FOR RELIEF

**WHEREFORE,** the Plaintiff Funds request this Court to grant the following relief:

a.     Order the attachment by trustee process of the bank accounts of Kerrs held by Bank of America;

b.     Enter a preliminary and permanent injunction enjoining the Reach-and-Apply Defendant and each of them from paying any money they owe to Kerrs, or to any person, vendor or company on behalf or on account of Kerrs, pending further order of this Court;

c.     Enter a preliminary and permanent injunction enjoining Kerrs from refusing or failing to make payment of contributions, interest, fees and damages owed to Plaintiff Funds;

d.     Order the attachment of the machinery, inventory and accounts receivable of Kerrs up to the amount of $64,680.15.

e.     Order Kerrs to make available to the Plaintiff Funds or their duly authorized representative all of their payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, or unpaid contributions paid for that period;

f.     Enter judgment in favor of the Plaintiff Funds on Count I against Kerrs for all contributions owed through the present, together with any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, plus interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(2);

g.     Enter judgment in favor of the Plaintiff  Funds on Count II against Kerrs for all benefit contributions and amounts deducted from employees' wages, plus interest and legal fees,

and any additional amounts determined by the Court to be owed the Funds or which may become

due during the pendency of this action; and

       h.       Such further and other relief as this Court may deem appropriate.

<div style="margin-left:50%">

VERONICA DYER, as she is
ADMINISTRATOR, IRONWORKERS
DISTRICT COUNCIL OF NEW
ENLAND HEALTH AND WELFARE
FUND, IRONWORKERS DISTRICT
COUNCIL OF NEW ENGLAND
PENSION FUND, and IRONWORKERS
DISTRICT COUNCIL OF NEW
ENLAND ANNUITY FUND; JOHN
SULLIVAN, as he is ADMINISTRATOR,
IRONWORKERS DISTRICT COUNCIL
OF NEW ENGLAND EDUCATION
FUND; IRONWORKERS DISTRICT
COUNCIL OF NEW ENGLAND; and
INTERNATIONAL ASSOCIATION OF
IRONWORKERS LOCAL 7 AND LOCAL
37

By their attorneys,


 /s/ Jasper Groner
Paul F. Kelly, BBO #267000
Jasper Groner, BBO #682403
Segal Roitman, LLP
33 Harrison Ave., 7th Floor
Boston, MA 02111
(617) 603-1434
jgroner@segalroitman.com

</div>

April 4, 2019

## **VERIFICATION**

I, Veronica Dyer, Fund Administrator for the Ironworkers District Council of New England Health and Welfare Fund, Ironworkers District Council of New England Pension Fund, Ironworkers District Council of New England Annuity Fund verify that I have read the above Verified Complaint, and the facts set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 4th DAY OF APRIL, 2019.

Veronica Dyer, Administrator

8